JERRE McDANIEL, Respondent, v. JOHN EMMICK et al., Appellants.

Springfield Court of Appeals, July 7, 1910.

1. **PLEADING: Action on Contract: Allegation that Price was Reasonable.** In an action on a specific contract, the petition also alleged that the price charged was reasonable. *Held*, that the latter allegation did not change the suit into an action on *quantum meruit.*

2. **PRACTICE: Trial Before Court: Presumption that Case was Tried on Right Theory.** When a trial is had before a court and no declarations of law are asked or given, the presumption is

that the court tried the case on the right theory, and where the evidence is conflicting, the finding of the trial court will be binding on the appellate court.

3. ————: **Motion for New Trial: Newly Discovered Evidence.** Where a motion for a new trial sets up newly discovered evidence, but from the affidavits filed on said motion, it does not appear that the evidence might not have been discovered prior to the trial just as readily as it was discovered since, the trial court was justified in overruling the motion on these grounds.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*B. L. Guffy* and *Reeves & Hawkins* for appellant.

(1) There was a variance between the allegations and the proof. R. S. 1899, sec. 655. (2) It is clearly shown that the contract, if any, was not an original undertaking whereby the debt was created, but was collateral, and within the Statute of Frauds. R. S. 1899, sec. 3418; Rottmann v. Pohlmann, 28 Mo. App. 399; Osborn v. Emery, 51 Mo. App. 408; Crain Co. v. Pierce, 106 Mo. App. 200. (3) Plaintiff made no demand on this defendant, but did make two or three demands on Emmick, received part pay from Emmick and sued him jointly with this defendant and has not as yet released him from liability for said work. Haeberle v. O'Day, 61 Mo. App. 390; Gill v. Reed, 55 Mo. App. 246.

*Ward & Collins* for respondent.

(1) Plaintiff's petition is in proper form, as required by law and the approved form of this court. R. S. 1899, sec. 592; Mansur v. Botts, 80 Mo. 651; Moore v. Mfg. Co., 113 Mo. 98. (2) "Even if this had been a suit to recover on *quantum meruit,* still we would have been bound by the contract price of $4 per thousand."

Williams v. Railroad, 112 Mo. 463. (3) Where the promise is an original undertaking whereby a debt is created, the debt is not the debt of another and not within the Statute of Frauds. George v. Williams, 58 Mo. App. 140; Glenn v. Lehnen, 54 Mo. 53; Rottmann v. Pohlmann, 28 Mo. App. 404; Sinclair v. Bradley, 52 Mo. 180; Brothers v. Bank, 100 Mo. App. 230; Grain Co. v. Pierce, 106 Mo. App. 200. (4) The power to grant a new trial for newly discovered evidence rests solely in the discretion of the trial court. Summers v. Insurance Co., 90 Mo. App. 704; Merchant's Co. v. Curran, 45 Mo. 142; Mayor v. Burns, 114 Mo. 426. (5) There are five things necessary to appear in the affidavit of newly discovered evidence. State v. Nickens, 122 Mo. 612; State v. McLaughlin, 27 Mo. 111.

COX, J.—Action by plaintiff to recover for services in cutting and hauling logs. Plaintiff alleges in his petition that defendants promised and agreed to pay him four dollars per thousand feet for cutting and hauling sawlogs and that he hauled 148,195 feet under this contract. At the trial he dismissed as to defendant Emmick. The case was tried before the court without a jury; no declarations of law were asked or given on either side, the court found the issues for plaintiff, assessed his damages at $341.58, and defendant has appealed.

The errors assigned are the admission of incompetent testimony on behalf of plaintiff and the exclusion of competent testimony offered by defendant, the overruling of defendant's demurrer to the testimony and the overruling of defendant's motion for a new trial.

The evidence showed that the defendant was operating a sawmill in Pemiscot county, and that at about the time of the alleged contract sued on in this case Mr. Beyers, the president of the defendant company, in behalf of the company, entered into a contract with de-

fendant Emmick by which Emmick had agreed to cut and haul all logs for the use of the mill. Plaintiff's testimony was to the effect that he had a conversation with Beyers in which Beyers told him that Emmick was to cut and haul the logs. Plaintiff then said to Beyers that he would not haul for Emmick and Beyers then said that he would see that plaintiff got his pay if he did haul, and plaintiff refused to accept that, but insisted that if he hauled he must do so upon the credit of the defendant company, and that Beyers then made the agreement with him in that way, and that in pursuance thereto he hauled the logs sued for in this case. On behalf of defendant Beyers denied the execution of the contract but contended that all he said to plaintiff was that he would see that Emmick did not fall down. No declarations of law were asked or given, and we, therefore, assume that the court tried the case upon a correct theory of law, and as the evidence was conflicting as to the contract, his finding thereon is binding upon us.

Defendant now insists that there was a variance between the pleading and the proof for the reason that the petition alleges that the price charged for the hauling was reasonable and proper, and contends that this made a declaration upon *quantum meruit* whereas the proof on behalf of plaintiff showed a specific contract. The petition alleges a specific contract and also alleges that the price there charged was reasonable. This contention of defendant was without merit.

Defendant also contends the court erred in overruling its motion for a new trial, and urges upon our consideration that the court abused its discretion in not granting defendant a new trial on the ground of newly discovered evidence. The motion for new trial alleges that defendant had discovered evidence since the trial tending to show that plaintiff had been paid for hauling the logs sued for except the sum of eighty-seven dollars, and that plaintiff did not do the work on the

credit given to defendant, but he did it under a contract with John Emmick and attached to his motion the affidavit of John Emmick and W. L. Hughes; also the affidavit of Bayless L. Guffy, one of the attorneys for defendant. Plaintiff filed counter affidavits and the court overruled the motion. We have examined these affidavits carefully and are clearly of the opinion that the court did not abuse its discretion. It does not appear that defendant's counsel could not have discovered this testimony prior to the trial just as readily as they have discovered it since and this contention is also without merit. The judgment will be affirmed. All concur.